UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN LAWRENCE,

                    Plaintiff,

       -against-

THOMAS MICHAEL FLOR,

                    Defendant.

**ORDER**

**23-CV-9844 (SHS)(KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Court is in receipt of the parties' recent filing regarding Defendant Thomas Michael Flohr filing for bankruptcy. (ECF Nos. 115.)  Plaintiff's claims against Defendant in this case are subject to the automatic stay pursuant to 11 U.S.C. § 362.[1]  However, third-party complaints, as well as crossclaims or counterclaims brought by the debtor are ordinarily not subject to an automatic stay under 11 U.S.C. § 362 because they are not *against* the debtor. *See* 11 U.S.C. § 362(a)(1); *Verragio, Ltd. v. AE Jewelers, Inc.*, No. 15 CIV. 6500 (CM), 2017 WL 1753478, at *2 (S.D.N.Y. Apr. 27, 2017) ("[W]ithin one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue.") (internal citations omitted).  Nevertheless, courts have discretion concerning whether to stay proceedings in their entirety for purposes of judicial efficiency.  *See M.E.S., Inc. v. M.J. Favorito Elec., Inc.*, No. 08-CV-183 (JG) (JMA), 2010 WL 959604, at *3 (E.D.N.Y. Mar. 15, 2010) ("Leaving the Bankruptcy Code's stay provisions to one side, a court has inherent power to stay proceedings and to control the disposition of the causes on its docket with economy of time

---

[1] To be clear, Plaintiff's supplemental motion seeking discovery sanctions is stayed. (ECF No. 111.)

and effort for itself, for counsel, and for litigants.")  Accordingly, by **January 16, 2026**, the

parties shall file a joint letter with the Court stating each side's position on whether the entire

case should be stayed including the claims contained in Defendant's third-party complaint.

    **SO ORDERED.**

Dated:    January 2, 2026
          New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge