UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

STEPHEN LAWRENCE,

                                                  Plaintiff,                    **23-cv-09844 (SHS) (KHP)**

                                                        **<u>Opinion and Order</u>**

       -against-

THOMAS MICHAEL FLOHR,

                                                  Defendant.

-------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

**BACKGROUND**

This case arises out of an aborted cryptocurrency transaction in which Defendant Thomas Michael Flohr ("Defendant") contracted to and did serve as the Escrow Attorney for Plaintiff Stephen Lawrence ("Plaintiff") and concerns Plaintiff's allegations that Defendant failed to safeguard Plaintiff's USDT of approximately $1.195 million, which was allegedly transferred out of Defendant's designated Escrow Account after Plaintiff's deposit. (ECF No. 1 ("Compl.") ¶¶ 18–35).  Plaintiff's funds have yet to be returned to Plaintiff. *Id.*

1

Plaintiff, represented by counsel, commenced this action on November 8, 2023. *See generally* Compl.  On October 9, 2024, Plaintiff filed a motion requesting that the Court compel discovery (ECF No. 56 ("Motion to Compel")).  The motion specifically requested that the Defendant cure the following alleged deficiencies with its production and produce the following:

> (1) "Defendants' purported WhatsApp chats . . . to be reproduced natively or with metadata pursuant to the ESI protocol" ("WhatsApp ESI" or "WhatsApp metadata");
>
> (2) "all responsive documents . . . relevant to the parties' claims and defenses";
>
> (3) or, in the alternative, "provide a sworn statement indicating attempts to locate further responsive documents and stating that no such further documents exist in [Defendant's] possession, custody or control"; and
>
> (4) a response "to Plaintiff's Insurance Demand." *Id.*

On November 13, 2024, the Court directed the parties to meet and confer regarding production of the WhatsApp metadata, with the metadata to be produced by December 13, 2024.  (ECF No. 68 ("Court's First Order")).  The Defendant's deposition was also set for February 2025. *Id.*  By December 19, 2024, according to an email from Plaintiff's counsel, Plaintiff had not received the WhatsApp ESI. (ECF No. 84-13, at 6).  However, on February 3, 2025, Defendant emailed Plaintiff's counsel stating that the "missing images from . . . previously disclosed WhatsApp chats" were attached and objecting to producing further metadata stating that he was uncertain it "would provide more useful information" and that the client was concerned about the volume of irrelevant material that would be collected by such a search. *Id.* at 4–5.  Plaintiff expressed this production was insufficient but eventually agreed to give

2

Defendant time to cure ahead of the February 6, 2025, case management conference. *Id.* at 1–4.

On February 6, 2025, this Court ordered a Show Cause Hearing for February 27, 2025, to determine whether Defendant should be sanctioned for failing to comply with his discovery obligations. (ECF No. 81).  On February 14, 2025, Plaintiff's counsel filed a motion, by Order to Show Cause, for an Order of Sanctions ("Motion") against Defendant. (ECF Nos. 83; 84).

On February 25, 2025, Plaintiff deposed Defendant with reservation of rights to continue, after the February 27, 2025, Show Cause Hearing in light of additional documents Defendant had withheld. (ECF No. 111-6 ("Deposition"), at 1, 140–44, 167–69).  The case and Motion were subsequently stayed due to the Defendant's bankruptcy until July 15, 2025, and the Show Cause Hearing was adjourned. (ECF Nos. 94 and 101-1).  On July 17, 2025, the stay was lifted following the dismissal of Defendant's bankruptcy case. (ECF Nos 101-1; 102).

At the case management conference on September 4, 2025, Defendant represented to the Court that they had "engaged the Plaintiff's own vendor to obtain the metadata with respect to . . . WhatsApp communications," but that the vendor had not provided the metadata in a readable format. (ECF No. 112, at 11–14).  As a result, the Court held the Motion in abeyance, giving Plaintiff four days to serve a post-deposition demand and Defendant 30 days to make a supplemental document production that would potentially moot the Motion. (ECF No. 104 ("Court's Second Order")).  The Plaintiff served post-deposition demands. (ECF No. 111-3 ("Post-Deposition Demands")).  The demands included particular communications referenced in the Deposition, communications related to the "creation of the digital wallet or profile," documents

related to the set up of the New RiverBank account(s), documents related to account authorization, the email address used in searching Defendant's email account for emails with non-party Allyn Brennan, all email communications with Brennan related to the New Riverbank account(s), documents responsive to the First Request for Production, New Riverbank account statements or transactions, and all due diligence documents related to New Riverbank or the "offshore bank 'somewhere in Africa.'" *Id.*  The Defendant produced documents, including screenshots of WhatsApp messages, account numbers, account dashboards, withdrawal confirmations, a purported invoice from Brennan, and passport photos, but with no metadata or native format as previously requested and ordered by the Court. (ECF No. 111-4 ("Supplemental Production"); Court's First Order; Court's Second Order).

On October 29, 2025 the Court granted Plaintiff's request to renew the Motion (ECF No. 108).  Plaintiff filed its Supplemental Motion for Sanctions ("Supplementary Motion") on November 26, 2025, and Defendant responded on December 15, 2025, stating that Defendant had filed another bankruptcy petition and that although an analysis of the metadata had been received, it had not yet been reviewed. (ECF Nos. 111; 114).  The Court stayed the case pending the Defendant's second bankruptcy petition (ECF No. 118).  The U.S. Bankruptcy Court for the Southern District of New York denied the Defendant's motion to extend the automatic stay, resulting in the Court lifting the stay in this action. (ECF Nos. 119-1; 120).

Defendant filed an Opposition to the Supplementary Motion on April 9, 2026, stating that the Plaintiff has received all relevant communications, just not in the requested form, and that he had still been unable to review the disclosures. (ECF No. 132).  Plaintiff filed a Reply on April 20, 2026, reiterating the position taken in the Supplementary Motion and stating that the failure

4

to comply was "willful and bad faith noncompliance." (ECF No. 133).  Defendant filed another Opposition on April 21, 2026, reiterating that the Plaintiff had received all relevant communications, just not the metadata, as it was "unduly burdensome." (ECF No. 135). Defendant's counsel also noted his pending motion to withdraw and the pending motion for summary judgment. *Id.*

Plaintiff is requesting that the Court grant his request for a sanction striking Defendant's Answer, and, thereafter, entering Default Judgment for the Plaintiff.  In the alternative, Plaintiff is requesting that the Court grant an adverse inference as it relates to the ownership of the Escrow Wallet. (ECF No. 111, at 9).  The Plaintiff's motion is GRANTED IN PART and DENIED IN PART.  The Court finds that the Defendant failed to comply with its November 13, 2024 and September 4, 2025 Orders and that sanctions pursuant to Rule 37(b) are warranted; but the Court finds that the sanctions sought by Plaintiff are not warranted.  Instead, Defendant shall pay to Plaintiff reasonable expenses, including attorneys' fees, caused by Defendant's failure to comply with the Court's Order, and shall produce the WhatsApp ESI with alacrity.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 72 ("Rule 72") and 28 U.S.C. § 636, Magistrate Judges may issue opinions and orders related to those matters that are non-dispositive. 28 U.S.C. § 636; FED. R. CIV. P. 72.  Additionally, although Federal Rule of Civil Procedure 37 ("Rule 37") sanctions are generally non-dispositive and fall within a Magistrate Judge's purview pursuant to Rule 72(a), sanctions that dispose of a claim are dispositive. *Syntel Sterling Best Shores Mauritius Ltd. V. TriZetto Grp.*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018).  In instances where a movant requests a

dipositive sanction—such as dismissal—but the Magistrate Judge denies the request, the decision falls within the scope of Rule 72(a). *Id.* (quoting *Steele v. Costco Wholesale Corp.*, No. 3 Civ. 713, 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005)).  However in instances where the Magistrate Judge grants a moving party's request for dispositive sanctions, the decision would fall beyond the scope of Rule 72(a). *Id.*  Here, because the sanctions I impose do not dispose of a claim or defense in the action, I have the authority to impose them under Rule 72(a) and 28 U.S.C. § 636(b)(1). 28 U.S.C. § 636; FED. R. CIV. P. 72.

Generally, Rule 37 outlines the Court's procedures for enforcing discovery and sanctioning misconduct.  When a party fails to comply with its court-ordered discovery obligations, the court is permitted to issue appropriate sanctions. FED. R. CIV. P. 37(b)(2)(A).  Under Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer or respond." FED. R. CIV. P. 37(a)(4).  If a Court grants a motion made under Rule 37, it has broad discretion to impose sanctions as is just, including designating certain facts be taken as established, refusing the disobedient party from introducing evidence or claims, striking some or all of the pleadings, staying the litigation until the obligation is satisfied, dismissing the action partially or in its entirety; entering default judgment against the noncompliant party, or treating the failure to obey any order as contempt of court. FED. R. CIV. P. 37(b)(2); *see also J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025).  The party requesting sanctions holds the initial burden of demonstrating that the party against whom sanctions are sought did not comply with a court order. *Syntel Sterling Best Shores Mauritius Ltd.*, 328 F.R.D. at 118.

As noted above, the Court has broad discretion in determining the type of sanction to be imposed. *Id.*; *Bursztein v. Best Buy Stores, L.P.*, No. 20 Civ. 76, 2021 WL 1961645, at *3 (S.D.N.Y.

2021) (citing *Valentine v. Museum of Modern* Art, 29 F.3d 47, 49 (2d Cir. 1994)).  Factors relevant to court's exercise of its discretion include the following:  "(1) willfulness of noncompliant party or reason for noncompliance; (2) efficacy of lesser sanctions; (3) duration of period of noncompliance; and (4) whether noncompliant party had been warned of consequences of his noncompliance." *J.C.*, 150 F.4th at 146 (quoting *Southern New England Telephone Co. v. Global NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *Bursztein*, 2021 WL 1961645, at *3.  In levying these sanctions, the Court must ensure that the sanctions are just and "commensurate" with the noncompliance. *Bursztein*, 2021 WL 1961645, at *3 (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007)).  In addition to the sanctions authorized in Rule 37(b)(2)(A), pursuant to Rule 37(b)(2)(C), a court "must" award monetary sanctions "[i]nstead of or in addition to" an order of dismissal, unless the "failure was substantially justified or other circumstances make an award of expenses unjust." *Yang v. Greyhound Lines, Inc.,* No. 7 Civ. 6499, 2008 WL 3126188, at *2 (S.D.N.Y. July 14, 2008); FED. R. CIV. P. 37(b)(2)(C).

When considering default judgment or striking of pleadings as a sanction, the Court should only enter such a judgment when it has considered lesser alternatives and the noncompliance was rooted in "willfulness, bad faith, or any fault of the party sanctioned." *Syntel Sterling Best Shores Mauritius Ltd. V. TriZetto Grp.*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018) (quoting *Pelgrift v. 355 W. 51st Tavern Inc.*, No. 14 Civ. 8934, 2016 WL 817470, at *119–120 (S.D.N.Y. Feb. 23, 2016)) (finding that where Defendants sought sanctions striking the pleadings and imposing an adverse inference, the sanctions were not warranted given the "well-settled preference in this Circuit for courts to resolve litigation disputes on their merits"); *Southern New England Telephone Co. v. Global NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (stating that default judgment is a "drastic

7

remedy" employed "only when the district judge has considered lesser alternatives" (quoting

*John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1171, 1176 (2d Cir. 1988))).

Additionally, adverse inferences are considered a sanction more stringent than monetary

sanctions, but not as extreme as default judgment. *Seena Int'l, Inc. v. One Step Up Ltd.*, No. 15

Civ. 1095, 2016 WL 2865350, at *12 (S.D.N.Y. May 11, 2016) (stating that "[t]he harshest

sanctions available are preclusion of evidence and dismissal of the action" and that they should

only be imposed when required  "achieve the purpose of Rule 37 as a credible deterrent"

(quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67,71 (2d Cir. 1988))); *Joint Stock Co.*

*Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 1318, 2017 WL 3671036, at *20

(S.D.N.Y. July 18, 2017) (finding that where a party failed to conduct a "second search of its

documents" and only produced a one-page certificate, and failed to coordinate with its counsel,

an adverse inference was warranted).  When considering adverse inference as a sanction, the

Court aims to "restore the prejudiced party to 'the position he would have been in absent' the

withheld evidence." *Local 3621, EMS Officers Union, DD-37, AFSCME, AFL-CIO v. City of New*

*York*, No. 18 Civ. 4476, 2021 WL 134566, at *4 (S.D.N.Y. Jan. 14, 2021) (omitting internal

quotations) (quoting *Raymond v. City of New* York, No. 15 Civ. 6885, 2020 WL 705572, at *7

(S.D.N.Y. Dec. 2, 2020)).  Generally, the Court has rendered such sanctions in cases concerning

alleged spoliation of evidence by a party and has characterized such sanctions as severe. *Id.*

(citing cases); *Hawley v. Mphasis Corp.*, 302 F.R.D. 37 46 (S.D.N.Y. 2014) (considering adverse

inferences as a sanction in a case of purported spoliation); *see also Lokai Holdings LLC v. Twin*

*Tiger USA LLC*, No. 15 Civ. 9363, 2018 WL 1512055, at *15 (S.D.N.Y. Mar. 12, 2018) (finding that a

plaintiff's request for an adverse inference, along with default judgment, was too extreme

because the evidence did not support a finding that the defendants intended to deprive the plaintiffs of the information); *Raymond v. City of New York*, No. 15 Civ. 6885, 2020 WL 705572, at *8, 14 (S.D.N.Y. Dec. 2, 2020) (denying the plaintiff's request for an adverse inference where the alleged destruction of monthly reports did not prejudice the plaintiff because other relevant documents had been produced).

Here, striking Defendant's Answer and rendering a Default Judgment in favor of Plaintiff is too heavy-handed a response to the noncompliance at hand.  Although Defendant has certainly hindered the discovery process through repeated failures to produce the WhatsApp ESI, noncompliance with the Court's November 13, 2024 and September 4, 2025 Orders, and the filing of two bankruptcy petitions, dismissal of an action is an extreme remedy that is not warranted here. *Compare World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159–60 (2d Cir. 2012) (finding that the district court's striking of a request for damages was akin to a dismissal and too strong of a sanction for a late filing)*, and In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 359–60 (S.D.N.Y. 2023) (finding that where a party had failed to comply with four court orders related to discovery, but did make some effort to provide the required discovery, attended court conferences, and made non-frivolous arguments, monetary sanctions were appropriate, not dismissal)*, with Southern New England Telephone Co. v. Global NAPS Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (finding that default judgment was a proper form of sanctions when the district court had found defendants had acted "willfully and in bad faith," deleting files and participating in a drawn-out obstruction of discovery over two years, and the district court had already issued sanctions).  Although the Defendant has failed to produce the WhatsApp ESI on multiple occasions and filed two

bankruptcy petitions resulting in two stays in the current action, there has been no indication that Defendant has destroyed the ESI. (ECF Nos. 84-13, at 6; 81; 94; 101-1; 112, at 11–14; 111-4; 118; 119-1).  Additionally, Defendants counsel has appeared in conferences, and based on Defendant's representations to the Court, retained Plaintiff's discovery vendor in an attempt to provide the WhatsApp ESI. *Compare In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d at 359–60*, with Southern New England Telephone Co.*, 624 F.3d at 144. Additionally, the Court has not yet issued sanctions, nor warned Defendant that default judgment may occur.  *Compare In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d at 359–60*, with Southern New England Telephone Co.*, 624 F.3d at 144.  As a result, the Court finds the Plaintiff's requested sanction—that the Court strike of the Defendants Answer and enter default judgment for the Plaintiff—unwarranted.

As for Plaintiff's request that the Court grant an adverse inference—taking as established "that the Escrow Wallet was not Defendant's account"—the Court first considers whether or not Plaintiff was prejudiced by Defendant's failure to produce the WhatsApp ESI as instructed by the Court's November 13, 2024 and September 4, 2025 Orders.  Here, Plaintiff cites several difficulties stemming from Defendant's failure to produce the WhatsApp ESI, including the inability to identify attachments from the WhatsApp chats and their origin and Defendant's alleged evasiveness in his deposition regarding his records and documentation. (ECF No. 111 ¶¶ 22–23).  Plaintiff's contention that it has been prejudiced by Defendant's failure to produce the requested WhatsApp ESI is correct. *Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, No. 15 Civ. 3533, 2017 WL 2840279, at *3–5, 13 (S.D.N.Y. June 27, 2017) (finding that a party had been prejudiced where the noncomplying party had failed to produce documents relevant

to the claims and referenced in a deposition).  Defendant's Supplemental Production contains screenshots of WhatsApp messages, along with a series of documents, but does not provide the context or origin of the documents, nor does it provide the WhatsApp messages in their native format or with the appropriate metadata. (*See generally* Supplemental Production).  Further, Plaintiff contends that its deposition of Defendant would have been more fruitful had Plaintiff had access to the WhatsApp ESI prior. (ECF No. 111 ¶¶ 22–23).  Plaintiff cites frustration with Defendant's alleged evasion of questions regarding his contacts with New RiverBank and non-party Allyn Brennan, the origin of the Escrow Agreement and Sale and Purchase Agreement, and general identification of documents. *Id.*¶¶ 14–22.  The Court finds that the Plaintiff also was prejudiced in this regard, as Defendant was unable to identify his specific contacts at New Riverbank and documents he stated were likely WhatsApp attachments. (Deposition at 36–37, 93–96, 138–144, 164–68). *Compare Shanghai Weiyi Int'l Trade Co., Ltd.*, 2017 WL 2840279, at *3–5, 13, and Richards v. City of New York*, No. 20 Civ. 3348, 2024 WL 4415527, at *4 (finding that where a plaintiff refused to comply with a court's order causing "significant delay" without "any colorable excuse," the noncompliance had prejudiced the defendants)*, with Raymond v. City of New York*, No. 15 Civ. 6885, 2020 WL 705572, at *8, 14 (S.D.N.Y. Dec. 2, 2020) (denying the plaintiff's request for an adverse inference where the alleged destruction of monthly reports did not prejudice the plaintiff because other relevant documents had been produced).

However, when the Court considers whether the requested adverse inference would restore the prejudiced party, Plaintiff, to the same position it would have been in had the WhatsApp ESI been produced in compliance with the Court's November 13, 2024, and September 4, 2025 Orders, the Court finds the requested adverse inference unwarranted.  Plaintiff requests that

the Court draw an adverse inference on the question of the Escrow Account being Defendant's

account, concluding that the Escrow Account was not in fact Defendant's. (ECF 111 ¶ 24).  This

adverse inference would only resolve the dispute as to whether the account was Defendant's or

one created by New RiverBank; it would not resolve the prejudice stemming from Defendant's

inability to generally identify documents and their origin, as well as his contacts at New

RiverBank. (Compl. ¶¶ 57–64; ECF No. 44 ("Answer") ¶¶ 57–65; Deposition at 36–37, 93–96,

138–144, 164–68).  Simply put, the prejudice Plaintiff is faced with because of Defendant's

failure to comply with the Court's November 13, 2024, and September 4, 2025 Orders is greater

than would be resolved by the requested adverse inference, and the Court does not believe that

an adverse inference on this point would sufficiently deter Defendant's conduct. *See Richards v.*

*City of New York*, 2024 WL 4451527, at *5–6 (stating that an adverse inference was improper

where it would not ensure that the plaintiff did "not benefit from his refusal to comply");

*Morrison v. Millenium Hotels*, No. 18 Civ. 6811, 2021 WL 1535293, at *11 (S.D.N.Y. Apr. 19, 2021)

(finding that where the plaintiff's requested adverse inference was not in dispute and the case

failed for other reasons, striking the answer or an drawing adverse inference was unwarranted).

As a result, the Court denies the Plaintiff's request for an adverse inference as it relates to the

issue of the Escrow Account's ownership.

Nevertheless, some sanction is warranted.  When considering the first factor—the reason

for the noncompliant party's lack of compliance—this factor weighs in favor of the Plaintiff.

Although Defendant has contended on multiple occasions to the Court and to Plaintiff that he

has retained Plaintiff's vendor to gather and review the metadata, this review has not resulted

in the required WhatsApp ESI being produced to Plaintiff. (ECF Nos. 112, at 11–14; 132; 135;

Deposition at 140–144).  Defendant's counsel has cited no more than vague technical difficulties over the course of approximately eight months. (ECF Nos. 112, at 11–14; 132; 135) This is not a compelling reason for Defendant's lack of compliance. *J.C. v. Zimmerman*, 150 F.4th 136, 146–49 (2d Cir. 2025) (affirming the district court's finding that a party's "blasé attitude towards their discovery obligations" constituted grounds for sanctions when stretched over a "period of weeks, if not months" when the Court had provided several warnings).  Additionally, as to the second factor—the efficacy of other sanctions—although Plaintiff's requested form of sanctions are unwarranted, the Court does find that an order compelling Defendant to produce the WhatsApp ESI and reimburse Plaintiff's reasonable fees and expenses incurred in pursuit of obtaining Defendant's compliance with the Court's order is appropriate. *Id.* at 148 (discussing the district courts finding that a monetary sanction that was a fraction of the fees incurred by the moving party was more than appropriate); *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15 Civ. 1095, 2016 WL 2865350, at *11 (S.DN.Y. May 11, 2016) (awarding the moving party a reimbursement of the fees incurred in obtaining document discovery where the noncompliant party had delayed approximately a year and required several court orders before complying).

Further, the third factor—consideration of how long the noncomplying party has failed to comply—also weighs in Plaintiff's favor. Not only has Defendant failed to comply with the Court's November 13, 2024, and September 4, 2025 Orders for approximately 17 months, but the Defendant has also sought to delay the action repeatedly by filing two bankruptcy petitions. (ECF Nos. 94; 101-1; 118; 119-1; 120); *J.C.*, 150 F.4th at 146–49.  Finally, the fourth factor— previous warnings regarding noncompliance—also weighs in Plaintiff's favor.  On February 6,

13

2025, the Court reminded Defendant that failure to comply with its Order could result in sanctions. (ECF No. 81); *J.C.*, 150 F.4th at 146–49.

### Conclusion

For the reasons set forth above it is hereby ORDERED that Defendant, Thomas Michael Flohr, shall produce the WhatsApp ESI by **May 19, 2026**.  Additionally, Defendant shall pay Plaintiff's reasonable fees and expenses incurred in pursuit of obtaining Defendant's compliance with the Court's November 13, 2024, and September 4, 2025 Orders.  A failure to produce the ESI by the deadline may result in additional sanctions including an adverse inference and a fine payable to the Court for violation of the Court's orders.

**SO ORDERED.**

Dated:    May 7, 2026
          New York, New York

KATHARINE H. PARKER
United States Magistrate Judge

14