UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____5/13/2026

STEPHEN LAWRENCE,

                                    Plaintiff,                    **23-cv-09844 (SHS) (KHP)**

                                                                 **Opinion and Order on
                                                                 Motion to Withdraw**

          -against-

THOMAS MICHAEL FLOHR,

                                    Defendant.

------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**


     Before the Court is a motion by the Ambrose M. Richardson, counsel of record for

Defendant Thomas Michael Flohr, to withdraw as counsel. (ECF Nos. 134; 137; 141).  For the

reasons stated below, the motion is GRANTED.

## BACKGROUND

     This lawsuit was commenced by Plaintiff, Stephen Lawrence, against Defendant, Thomas

Michael Flohr.  The crux of the Plaintiff's dispute with Defendant regards Defendant's position

as the Escrow Attorney for Plaintiff and his alleged failure to safeguard Plaintiff's USDT of

approximately $1.195 million, which was allegedly transferred out of Defendant's designated

Escrow Account after Plaintiff's deposit. (ECF No. 1 ¶¶ 18, 35). Plaintiff's funds have yet to be

returned to Plaintiff. *Id.*  On April 21, 2026, Petitioner filed his Motion to Withdraw, and on

April 24, 2026, Petitioner revised his motion adding that he "do[es] not expect to have a retaining lien except with respect to discovery materials produced and that [he] paid for and for which [he] has not been reimbursed." (ECF Nos. 134; 137, at 2).  Petitioner submitted a declaration on May 5, 2026, confirming that his motion to withdraw was served upon Defendant by mail and electronic mail. (ECF No. 141).  Defendant has not opposed Petitioner's motion.

**ANALYSIS**

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court.  Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's discretion.  In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).  I consider both factors below.

### 1.  Reasons for Withdrawal

Petitioner states that his reason for seeking to withdraw is nonpayment of fees for upwards of eighteen months. (ECF No. 137 ¶ 3).  The Court may find that a petitioner has stated good cause for withdrawal when there is nonpayment of legal fees.  *De Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020) (cleaned up) (quoting *Milltex Grp. Inc. v.*

*Gossard & Berlei Ltd.*, No. 15 Civ. 10002, 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)); *Stair v. Calhoun*, 722 F. Supp. 2d 258, 265 (E.D.N.Y. 2010) (collecting cases). *Compare Sound Around, Inc. v. Friedman*, No. 24 Civ. 1986, 2025 WL 3281434, at *2–3 (S.D.N.Y. Nov. 25, 2025) (finding that where documentation was provided, nonpayment was adequate grounds for withdrawal)*, and Guevara Nolasco v. Sunrise Metal Inc.*, No. 24 Civ. 8057, 2026 WL 858606, at *3 (E.D.N.Y. Mar. 30, 2026) (finding that where documentation of nonpayment was coupled with a failure to oppose the motion to withdraw, nonpayment provided sufficient grounds for withdrawal)*, with Allstate Ins. Co. v. Spina*, No. 20 Civ. 1959, 2020 WL 7753266, at *2 (S.D.N.Y. 2020) (finding that where the court had not been presented with documentation "suggesting 'that a significant period of nonpayment of a substantial fee'" had occurred, there was no good cause for the attorney's withdrawal).

Here, Petitioner submitted a declaration asserting that "[t]here have been hints or suggestions of payment," but that payment has not occurred. (ECF No. 137 ¶ 4). Petitioner also asserts in his declaration that Defendant has "made [it] clear that he did not want to incur the costs of [Petitioner's] opposition to pending motions"—presumably the pending Motion for Summary Judgment—and has failed to make any payment beyond the reimbursement of filing fees for eighteen months. *Id.* ¶¶ 1; 6. Further, as Petitioner highlights, the Defendant has now filed two bankruptcy petitions. *Id.* ¶ 5. Petitioner has demonstrated that there has been a significant period of nonpayment, and the repeated bankruptcy petitions further support this conclusion. (ECF Nos. 96; 115). Accordingly, sufficient grounds for withdrawal have been shown.

## 2. Impact of Withdrawal on the Case

Next, the Court must consider whether the posture of the case will be disrupted by the withdrawal. *Karimian*, 2011 WL 1900092, at *3. To determine whether the proceedings will be unduly delayed by the withdrawal, courts consider whether discovery is ongoing and whether there are any set dates, such as a briefing schedule or trial date. *Id.* Currently, there is no set trial date, fact and expert discovery in this case have closed, and the deadline for Defendant's Opposition to Plaintiff's Motion for Summary Judgment has passed. Defendant does have an outstanding requirement to produce the WhatsApp ESI by May 19, 2026, but this is presumably information he already has access to, having already provided it to Petitioner. Further, the Court notes that Defendant is an attorney and, thus, has some familiarity with the law. Therefore, Petitioner's withdrawal will not unduly delay these proceedings, and the Defendant will not be prejudiced by Petitioner's withdrawal. *Schwartz v. AMF Bowling Ctr. Inc.*, 746 F. Supp. 3d 1, 7 (E.D.N.Y. 2024) (finding that where the motion for summary judgment was already briefed and there was no set trial date, a party would not be prejudiced by their attorney's withdrawal); *Privado Marketing Grp. LLC v. Eleftheria Rest Corp.*, No. 13 Civ. 3137, 2016 WL 11947502, at *2 (S.D.N.Y. Nov. 4, 2016) (finding that where summary judgment motions had been briefed in full, withdrawal of counsel would not "unnecessarily delay the proceedings"). Therefore, Petitioner's motion to withdraw is granted.

## 3. Retaining Lien

Petitioner has also asserted that he "does not expect to have a retaining lien except with respect to discovery materials produced." (ECF No. 137, at 3). Generally, the decision of whether to grant a retaining lien falls soundly within the Court's discretion. *Star Funding Inc. v.*

*Vault Minerals, LLC*, No. 15 Civ. 3026, 2017 WL 7790610, at *2 (S.D.N.Y. Aug. 31, 2017) (citing

*Katz v. Image Innovations Holdings, Inc.*, 6 Civ. 3707, 2009 WL 1505174, at *2 (S.D.N.Y. May 27,

2009)).  Courts consider whether counsel withdrew for cause and whether there are "exigent

circumstances (such as papers essential to the defense of a criminal charge, or the client's

indigency)" that warrant releasing the papers to the party. *Id.* (quoting *Callaway Golf Co. v.

Corp. Trade, Inc.*, 10 Civ. 1676, 2011 WL 2899192, at *4 (S.D.N.Y. July 6, 2011)).  Here however,

although Petitioner is entitled to a retaining lien—as he has withdrawn for good cause and

there are no exigent circumstances—he has not submitted documentation supporting the total

amount that Defendant owes him.  Further, he has not indicated in his motion *how much*

Defendant owes him.  Therefore, Petitioner may submit the total he is owed and supporting

evidence when he seeks to fix the amount of the retaining lien. *Compare Id.* (finding that where

a petitioner had not provided supporting evidence for the amount owed, a retaining lien could

not be attached until he submitted such evidence)*, with Katz v. Image Innovations Holdings,

Inc.*, No. 6 Civ. 3707, 2009 WL 1505174, at *2 (S.D.N.Y. May 27, 2009) (finding that where the

petitioner had submitted extensive evidence of its billing records and paid disbursements, the

court was able to determine the amount of the retaining lien).

### CONCLUSION

For the foregoing reasons, the motion to withdraw is GRANTED.  **The Clerk of the Court

is respectfully directed to terminate the motions at ECF Nos. 134, 137, and 141 and to

terminate Mr. Richardson as counsel of record for Defendant.**

In the event Plaintiff proceeds pro se, he shall familiarize himself with the resources for

pro se litigants available on the Court's website at https://www.nysd.uscourts.gov/prose.

Plaintiff is also advised that there is a free legal clinic, the New York Lawyers Assistance Group, which is available to help pro se litigants in this Court.  Information about the clinic is available at https://nylag.org/.

**SO ORDERED.**

DATED:       New York, New York
             May 13, 2026

_____
                    KATHARINE H. PARKER
                    United States Magistrate Judge