```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____5/29/2026____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN LAWRENCE, | |
| Plaintiff, | **ORDER** |
| -against- | **23-CV-9844 (SHS)(KHP)** |
| THOMAS MICHAEL FLOR, | |
| Defendant. | |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Court is in receipt of the attached letter from Defendant Flohr. As the Court has

previously stated, as an attorney, Defendant Flohr should know that ex parte

communications with the Court are not permitted.

**SO ORDERED.**

Dated:    May 29, 2026
          New York, New York

_Katharine H Parker_

KATHARINE H. PARKER
United States Magistrate Judge

# *Paymaster Services LLC*
### *A Delaware Corporation*

Thomas M. Flohr
Managing Member

May 28, 2026

Hon. Katherine H. Parker, U.S.M.J.
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, New York 10007

Re:   Lawrence v. Flohr
      Case No.: 23-cv-09844-SHS-KHP

Dear Judge Parker,

I am the Defendant in the above action and, as you are aware, I have only recently lost my counsel and am currently without representation in this case.

I am compelled to write you to comment on the gratuitously pejorative letter also dated today's date, sent to your attention by Annie E. Causey, Plaintiff's Counsel, per your request, with respect to considering an appropriate extension of time for reply to the Motion for Summary Judgement submitted by Plaintiff's Counsel.

Plaintiff's Counsel alleges theft of over $1 million in their Complaint in a matter where the facts and circumstances are still not known by the Plaintiff as they have not filed their Complaint against the parties engaged in the confusion and wrongdoing causing the funds on deposit to be lost, which transfer I was unaware of and did not instruct.

With no evidence, they decided to allege theft, by me.

To properly address this matter, I need to find new counsel, have them review the facts and circumstances properly, and prepare a response to Plaintiff's Counsel's motion.  I am not a qualified litigator, and though a member of the New York Bar, only I only practice in very special niches of the law.

If I am not represented by a qualified attorney, my due process rights will be seriously compromised, in my view.

*Paymaster Services LLC*
*424 Highridge Ct., Peekskill, New York 10566*
*Tel: +1 212 682 8595 * email: ThomFlohr@paymasterservices.co*
*New York Attorney Registration Number: 1689637 * Washington D.C. Bar ID: 394060*

Ms. Causey has had the extremely poor taste to cast aspersions on my indicating to Court the recent diagnosis of my wife with a less than six months terminal disease, provided by Dr. Lawrence Honig, the Chairman of Neurology at Columbia University. I only indicated this to have the Court understand that the demands on my time are now currently substantial and beyond my control, adding to the need for a reasonable extension. Ms. Causey is shockingly offensive in stating "Flohr's *claim* that his wife is terminally ill appears to be *another delaying tactic"* and "*Flohr's current claim should carry no weight absent a sworn statement and medical support*" (emphasis added) and a further comment "*all based on his unsupported claim that his wife is terminally ill*" (emphasis added). I hope I need not remind the Court and Ms. Causey that as a member of the Bar my word is provided with integrity should be accorded respect, though this may not be the standard Ms. Causey has become accustomed to, given her commentary.

I cannot comment on Ms. Causey's paragraph regarding prior defaults and extensions. My prior counsel has handled these matters, having to respond to extensive discovery over a simple matter, with formatting requirements he has deemed, if I recall correctly, absurd. I do not believe my former counsel is of the view that this matter is in any material default or there has been any 'abuse'.

Ms. Causey also references 'serial failed bankruptcies', an interesting view, which she pejoratively then says were "*bad faith bankruptcy filings*" (emphasis added). I did file an initial Chapter 13 bankruptcy some time ago, which was dismissed by the Trustee who did not understand or accept the likely income available to me to proceed with the plan. A second Chapter 13 was later submitted by me that was to comply with the requirements but was *voluntarily* (emphasis added) withdrawn when it appeared that Chapter 11 might be more appropriate. This matter remains under consideration, absent funds due me being disbursed in a timely way.

I add that my former counsel was paid, but an (in my view) improper bank recall of funds occasioned the funds paid to him to be reclaimed from his bank. There was no effort on my part not to pay counsel when funds were available.

My former counsel sent a letter to the court recommending a 60-day extension for any reply to the Plaintiff's current motion under the circumstances of which he was aware. My request here reasonably asks for a 90-day extension. As indicated, I am not qualified to proceed *pro se* and expect to have resources to employ new counsel during the extension. This request is exceptionally meritorious, and there have been no "ongoing delay tactics".

Defendant is available to confer at the Court's convenience.

Respectfully submitted,

Cc: Annie Causey via acausey@woodslaw.com

*Paymaster Services LLC*
*424 Highridge Ct., Peekskill, New York 10566*
*Tel: +1 212 682 8595 * email: ThomFlohr@paymasterservices.co*
*New York Attorney Registration Number: 1689637 * Washington D.C. Bar ID: 394060*
